KEVIN CAMM, ENNEIS HANEY, YUYUAN
LUCY LU, individually and on behalf
of all others similarly situated,

        Plaintiffs,

vs.                 Case No. 2:10-cv-656-FtM-29DNF

RICK SCOTT[1], as Governor of the
State of Florida, Member of the
Florida Cabinet, and director of the
Florida Department of Revenue, PAM
BONDI[2], as Attorney General of the
State of Florida, member of the
Florida Cabinet and Director of the
Florida Department of Revenue, JEFF
ATWATER[3], as Chief Financial
Officer, member of the Florida
Cabinet and Director of the Florida
Department of Revenue, ADAM H.
PUTNAM[4], as Commissioner of
Agriculture, member of the Florida
Cabinet and Director of the Florida

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Rick Scott, as the current Governor of the State of Florida, Member of the Florida Cabinet, and director of the Florida Department of Revenue, is automatically substituted for Charlie Crist.

[2] Pursuant to Fed. R. Civ. P. 25(d), Pam Bondi, as the current Attorney General of the State of Florida, Member of the Florida Cabinet, and director of the Florida Department of Revenue, is automatically substituted for Bill McCollum.

[3] Pursuant to Fed. R. Civ. P. 25(d), Jeff Atwater, as the current Chief Financial Officer, Member of the Florida Cabinet, and director of the Florida Department of Revenue, is automatically substituted for Alex Sink.

[4] Pursuant to Fed. R. Civ. P. 25(d), Adam H. Putnam, as the current Commissioner of Agriculture, Member of the Florida Cabinet, and director of the Florida Department of Revenue, is automatically substituted for Charles Bronson.

Department of Revenue, THE FLORIDA
CABINET as head of the Department of
Revenue, FLORIDA DEPARTMENT OF
REVENUE,

                    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on defendants' motions to
dismiss (Docs. ##7-9, 10, 22), to which plaintiffs filed a
consolidated response (Doc. #23). Defendants seek to dismiss
plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure
12(b)(1) for lack of subject matter jurisdiction and pursuant to
Federal Rule of Civil Procedure 12(b)(6) for failure to state a
claim.

### I.

Plaintiffs are representatives of a putative class of Florida
homeowners who are defendants in foreclosure proceedings in various
Florida state courts. Plaintiffs assert that as state-court
defendants they have compulsory claims which must be filed or
forfeited, but they are required by a relatively new Florida
statute to pay a filing fee to assert such compulsory claims.
Specifically, Fla. Stat. § 28.241(c) provides that:

> A party [in a civil action in a circuit court relating to
> real property or mortgage foreclosure] who files a
> pleading in an original civil action in circuit court for
> affirmative relief by cross-claim, counterclaim,
> counterpetition, or third-party complaint shall pay the
> clerk of court a graduated fee of: a. Three hundred and
> ninety-five dollars in all cases in which the value of

the pleading is $50,000 or less; b. Nine hundred dollars in all cases in which the value of the pleading is more than $50,000 but less than $250,000; or c. One thousand nine hundred dollars in all cases in which the value of the pleading is $250,000 or more. The clerk shall remit the fees collected under this subparagraph to the Department of Revenue for deposit into the General Revenue Fund, except that the clerk shall remit $100 of the fee collected under sub-subparagraph a., $605 of the fee collected under sub-subparagraph b., and $1,605 of the fee collected under sub-subparagraph c. to the Department of Revenue for deposit into the State Courts Revenue Trust Fund.

Fla. Stat. § 28.241(c). Plaintiffs assert that this statute violates their substantive and procedural Due Process rights under the Fifth and Fourteenth Amendments of the United States Constitution, as well as their right of access to court under Article I, section 22 of the Florida Constitution. Plaintiffs also contend the fees mandated by the statute are reprehensible because they are excessive, particularly in light of the financial position of defendants involved in foreclosure proceedings.

Plaintiffs sue the named individuals in their various official capacities, the Florida Cabinet, and the Florida Department of Revenue in a three-count Complaint (Doc. #1). The first two counts are brought under 42 U.S.C. § 1983, while Count III is brought under the Florida Constitution. Count I seeks injunctive relief enjoining the collection of filing fees under Fla. Stat. § 28.241(c) and the dismissal of compulsory claims for failing to pay such filing fees, and requiring the creation of a separate account for fees collected pursuant to the statute in order to facilitate

any refund of fees which may be ordered. Count II seeks a declaratory judgment that the statute is unconstitutional under the Fifth and Fourteenth Amendments of the United States Constitution, an order requiring defendants to cease and desist imposing and collecting fees pursuant to the statute, and an order directing a refund of all fees paid. Count III seeks a declaratory judgment that the statute is unconstitutional under Article I, section 21, of the Florida Constitution, an order directing defendants to cease and desist imposing and collecting fees pursuant to the statute, and an order requiring defendants to refund all fees paid pursuant to the statute. Each count is asserted against all defendants.[5]

## II.

### A.  Standard of Review for Motions to Dismiss Pursuant to Rule 12(b)(1)

Rule 12(b)(1) authorizes a motion to dismiss an action if the court lacks subject matter jurisdiction. Such challenges can be asserted on either facial or factual grounds. Morrison v. Amway Corp., 323 F.3d 920, 925 n. 5 (11th Cir. 2003).

Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. When

---

[5]Contrary to the allegation in the Complaint, the Declaratory Judgment Act does not confer any jurisdiction upon the court. GTE Directories Pub. Corp. v. Trimen America, 67 F.3d 1563, 1567 (11th Cir. 1995) ("At the outset we note that the Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts but rather is operative only in respect to controversies which are such in the constitutional sense.... Thus the operation of the Declaratory Judgment Act is procedural only." (internal citation and punctuation omitted)).

considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true. However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits.

Carmichael v. Kellogg, Brown & Root Serv., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). See also Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169-70 (11th Cir. 2011).

**B. Standard of Review for Motions to Dismiss Pursuant to Rule 12(b)(6)**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56(2007)). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule—that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v.

First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)—has been retired.  Twombly. James River Ins. Co., 540 F.3d at 1274.  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Dismissal is warranted under Fed.R.Civ.P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## III.

Defendants seek to dismiss the Complaint for lack of subject matter jurisdiction because of the Eleventh Amendment to the United States Constitution and the Tax Injunction Act, 28 U.S.C. § 1341.  Defendants further aver that the Court lacks jurisdiction because plaintiffs' claims are not ripe for review.  Alternatively, Defendants seek to dismiss the complaint for failure to state a claim upon which relief may be granted.

**A.     Eleventh Amendment and State Agencies**

The Florida Cabinet[6] and the Florida Department of Revenue[7] contend that plaintiffs' claims against them should be dismissed because claims against state agencies in federal court are barred by the Eleventh Amendment to the United States Constitution. Plaintiffs respond that this case falls within the exception to Eleventh Amendment sovereign immunity set forth by the Supreme Court in Ex parte Young, 209 U.S. 123 (1908), and that Florida has specifically waived its Eleventh Amendment immunity in all cases involving the issue of illegally collected fees.  The Court agrees with the defendants.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent."  Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1637 (2011).  A component of this sovereign immunity is set forth in the Eleventh Amendment to the Constitution, which provides that:

> The judicial power of the United States shall not be
> construed to extend to any suit in law or equity,

---

[6]The Cabinet is created by Article IV, Section 4 of the Florida Constitution which states, "[t]here shall be a cabinet composed of an attorney general, a chief financial officer, and a commissioner of agriculture.  In addition to the powers and duties specified herein, they shall exercise such powers and perform such duties as may be prescribed by law . . . ."  F.L. Const. art. IV, § 4.

[7]The Department of Revenue is created by Fla.  Stat. § 20.21, which further provides that the Governor and Cabinet shall serve as the head of the department.

> commenced or prosecuted against one of the United States
> by citizens of another state, or by citizens or subjects
> of any foreign state.

U.S. Const. amend XI.   Despite its language, it is well settled that the Eleventh Amendment bars suits brought in federal courts by a state's own citizens as well as by citizens of another state. Williams v. Bd. of Regents of Univ. Sys., 441 F.3d 1287, 1303 (11th Cir. 2006); Williams v. Dist. Bd. of Trs. of Edison Comm. Coll., 421 F.3d 1190, 1192 (11th Cir. 2005).   The Eleventh Amendment applies not only to the State, but to a state agency which is an arm of the state.   Williams, 421 F.3d at 1192.   The Florida Cabinet and Florida Department of Revenue are such agencies of the State of Florida.   See footnotes 6, 7.

Because "[s]tate sovereign immunity is not absolute, . . ." In re Diaz, 647 F.3d 1073, 1082 (11th Cir. 2011), this court will have jurisdiction over the two state agencies only if an exception to Eleventh Amendment immunity applies.   Three general exceptions are applicable to the Eleventh Amendment's jurisdictional bar: (1) A state's immunity may be abrogated by an act of Congress under section 5 of the Fourteenth Amendment; (2) a state may waive its sovereign immunity; or (3) the claim may fall within the confines of Ex parte Young, 209 U.S. 123 (1908).   Va. Office for Protection & Advocacy, 131 S. Ct. at 1637-38; Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).   Plaintiffs do not assert that Congress has abrogated Florida's Eleventh Amendment immunity, and it is clear

that § 1983 has not done so.  Quern v. Jordan, 440 U.S. 332 (1979); Williams, 441 F.3d at 1303 ("Congress has not abrogated states' immunity from § 1983 suits.")

Plaintiffs do argue, however, that Florida has waived its Eleventh Amendment immunity in this type of case.  Plaintiffs contend that Florida has historically declined to assert the privilege of sovereign immunity in cases challenging the validity of one of its statutes, citing State ex rel. Florida Dry Cleaning & Laundry Bd. v. Atkinson, 188 So. 834 (Fla. 1938), and that Florida has specifically waived the Eleventh Amendment immunity in all cases involving the question of illegally collected fees, citing Dep't of Revenue v. Kuhnlein, 646 So. 2d 717 (Fla. 1994) and Bill Stroop Roofing Inc. v. Metro. Dade Cnty., 788 So. 2d 365 (Fla. 3rd DCA 2001).  The Court is not persuaded by either argument.

It is certainly true that "[a] State may waive its sovereign immunity at its pleasure."  Va. Office for Protection & Advocacy, 131 S. Ct. at 1638.  Waiver of the state's Eleventh Amendment immunity, however, must be clear and will not be easily found. Maynard v. Bd. of Regents, 342 F.3d 1281, 1287-88 (11th Cir. 2003). A state's waiver of immunity from suits filed in state court does not waive immunity for suits filed in federal court.  Murray v. Wilson Distilling Co., 213 U.S. 151, 172 (1909); Chandler v. Dix, 194 U.S. 590, 591-592 (1904);  Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990)("Evidence that a state has waived sovereign

immunity in its own courts is not by itself sufficient to establish waiver of Eleventh Amendment immunity from suit in federal court . . . .")

The State of Florida has not waived sovereign immunity for § 1983 actions generally. <u>Zatler v. Wainwright</u>, 802 F.3d 397, 400 (11th Cir. 1986). Additionally, the State of Florida has not waived its sovereign immunity for federal suits challenging its statutes generally or its fee-imposing statutes in particular. The cases relied upon by plaintiffs were all filed in state court and all involved sovereign immunity under state law, not the Eleventh Amendment. <u>State ex rel Florida Dry Cleaning & Laundry Bd.</u>, 188 So. 834 (Fla. 1938); <u>Kuhnlein</u>, 646 So. 2d at 721; <u>Bill Stroop Roofing Inc.</u>, 788 So. 2d at 368. The Court finds that plaintiffs have not established that the State of Florida has waived its Eleventh Amendment immunity as to any of the claims in this case.

Plaintiffs next argue that the exception set forth in <u>Ex parte Young</u> extends not only to state officials sued in their official capacities for prospective relief, but to States and state agencies. This is simply incorrect. The theory behind <u>Ex Parte Young</u> is that "a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." <u>Grizzle v. Kemp</u>, 634 F.3d 1314, 1319 (11th Cir. 2011). The

exception does not extend to the state or state agencies. <u>Eubank v. Leslie</u>, 210 F'Appx. 837, 844 (11th Cir. 2006)("State agencies, however, are never subject to unconsented suit, even under the doctrine of <u>Ex parte Young</u>. <u>Ex parte Young</u> applies only when state officials are sued for prospective relief in their official capacity. It does not permit suit against state agencies or the state itself, even when the relief is prospective." (citations omitted)); <u>Monroe v. Ark. State Univ.</u>, 495 F.3d 591 (8th Cir. 2007)(dismissing suit against state agency because <u>Ex parte Young</u> applies to suits against state officials rather than states and state agencies).

Neither case cited by plaintiffs extended the <u>Ex parte Young</u> doctrine to a state or state agencies. <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985) did not extend the reach of <u>Ex parte Young</u> to states or their entities. <u>Scott v. Taylor</u>, 405 F.3d 1251, 1255 (11th Cir. 2005). <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 63 (1989) involved a case filed in state court, and therefore did not involve the Eleventh Amendment. ("Petitioner filed the present § 1983 actions in Michigan state court, which places the question whether a State is a person under § 1983 squarely before us since *the Eleventh Amendment does not apply in state courts*")(emphasis added)(citations omitted)).

Finally, plaintiffs seem to suggest that the Eleventh Amendment jurisdictional bar is not applicable in cases where a

fundamental aspect of life is involved, citing <u>Boddie v. Connecticut</u>, 401 U.S. 371 (1971).[8] Plaintiffs contend that this case also involves a fundamental aspect of life, the preservation of the family homestead. (Doc. #23, p. 7.)

This contention is without merit. The only defendants before the Supreme Court in <u>Boddie</u> were state officials sued in their official capacities since the District Court had dismissed the state as a party because the plaintiffs "concede[d] that the State of Connecticut is not a proper party to [the] action." 286 F. Supp. 968, 971 (D. Conn. 1968). Furthermore, jurisdiction does not distinguish between causes of action on the basis of which are deemed more important than others. If a federal court lacks subject matter jurisdiction, it is simply powerless to proceed. <u>Univ. of South Alabama v. Am. Tobacco Co.</u>, 168 F.3d 405, 409-10 (11th Cir. 1999).

In sum, the Eleventh Amendment applies to the Florida Cabinet and the Florida Department of Revenue, and there is no applicable exception. This Court lacks jurisdiction over plaintiffs' claims against the Florida Cabinet and the Florida Department of Revenue. All three counts are therefore dismissed without prejudice as to the Florida Cabinet and the Florida Department of Revenue.

---

[8]In <u>Boddie</u>, the Supreme Court considered whether the assessment of a filing fee for indigents who sought a divorce was unconstitutional.

**B.    Eleventh Amendment and Refund of Fees**

The individual defendants sued in their official capacities contend that plaintiffs' refund request is in essence a claim for damages because such refunds would be paid from the Florida Treasury.  As such, these plaintiffs argue the Complaint must be dismissed because of the Eleventh Amendment.  Plaintiffs respond that the Eleventh Amendment does not "insulate the state from its moral and legal duty to refund illegally collected fees and taxes." (Doc. #23, p. 8.)  Plaintiffs further argue they do not seek damages, but rather seek the equitable remedy of disgorgement.  Id.

The Eleventh Amendment does not insulate a state from moral or legal duties.  It does, however, direct that lawsuits against the state be filed in state court unless an exception to the Eleventh Amendment is applicable.  A claim for a refund from a state which will be paid from the state treasury is effectively a suit against the state for damages, and such relief is precluded in federal court by the Eleventh Amendment.  Florida Ass'n v. Rehab. v. Fla. Dept. of Health, 225 F.3d 1208, 1221 (11th Cir. 2000)("Quite simply, the Eleventh Amendment's immunity is triggered when a declaration or injunction effectively calls for the payment of state funds as a form of compensation for past breaches of legal duties by state officials."); Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999)("If the prospective relief sought is the functional equivalent of money damages, however,

i.e., '[i]t is measured in terms of a monetary loss resulting from a past breach of a legal duty,' Ex parte Young does not apply", quoting Edelman v. Jordan, 415 U.S. 651, 669 (1974)).  As the Supreme Court recently stated, the Ex parte Young doctrine

> does not apply when the state is the real, substantial party in interest, as when the judgment sought would expend itself on the public treasury or domain, or interfere with public administration.  Thus, Ex parte Young cannot be used to obtain an injunction requiring the payment of funds from the State's treasury, or an order for specific performance of a State's contract.

Va. Office for Protection & Advocacy, 131 S. Ct. at 1638(citations and internal punctuation omitted.)[9]

Accordingly, that portion of Count I which seeks the creation of a separate account to facilitate any refund that may be ordered, and those portions of Counts II and III which seek an order requiring a refund of all fees paid pursuant to the statute, are dismissed for lack of subject matter jurisdiction as to the individual defendants in their official capacities.

## C.   Tax Injunction Act

What remains of the Complaint are portions of all counts against the individual defendants in their official capacities.

---

[9]Alternatively, the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, would preclude the request for a refund order.  Kania v. Nelson, 315 F'Appx. 151, 151-52 (11th Cir. 2008)("The TIA bars claims not only for injunctive or declaratory relief, but also for refunds and damages, as a monetary award would have the same effect on the State as if the prospective relief had been granted."); Osceola v. Fla. Dept. of Revenue, 893 F.2d 1231, 1233 (11th Cir. 1990)(Tax Injunction Act bars federal suit for tax refund).

Specifically, the portion of Count I which seeks injunctive relief against the collection of the filing fees and dismissal of compulsory claims for failing to pay; the portion of Count II which seeks a declaratory judgment that the statute violates the due process provision of the Fifth and Fourteenth Amendment and an order requiring defendants to cease and desist imposing and collecting the fees; and the portion of Count III which seeks a declaratory judgment that the statute violates the Florida Constitution's access to courts provision and an order requiring defendants to cease and desist imposing and collecting the fees.

Defendants seek to dismiss the Complaint for lack of jurisdiction pursuant to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. Defendants argue that although the contested statute calls the charge a "fee," it is in fact a "tax" because the funds are deposited in the state's general revenue fund, making them available for general government purposes. Plaintiffs respond that Crist v. Ervin, 56 So. 3d 745 (Fla. 2010) held that the contested filing fee is not a tax, and that defendants have asserted an inconsistent position in an unrelated pending case, McCollum v. United States Dept. of Health and Human Servs., 716 F.Supp.2d 1120 (N.D. Fla. 2010).

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and

efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The limitation imposed by the Tax Injunction Act is jurisdictional." Amos v. Glynn Cnty. Bd. of Tax Assessors, 347 F.3d 1249, 1255 (11th Cir. 2003); Cohen v. World Omni Fin. Corp., 426 F'Appx. 766, 770-71 (11th Cir. 2011)(Tax Injunction Act "is a jurisdiction-stripping statute".)  While the Act on its face bars only injunctive relief, the United States Supreme Court has applied the Act to suits for declaratory relief and damages as well. Osceola v. Fla. Dept. of Revenue, 893 F.2d 1231, 1233 (11th Cir. 1990), citing California v. Grace Brethren Church, 457 U.S. 393, 408 (1982)("we now conclude that the Act also prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional.") and Rosewell v. La Salle Nat'l Bank, 450 U.S. 503 (1981).

The Tax Injunction Act "was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." Amos, 347 F.3d at 1256, quoting Rosewell, 450 U.S. at 522.  The Eleventh Circuit has held that "the Tax Injunction Act bars the exercise of federal jurisdiction if two conditions are met: (1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'" Amos, 347 F.3d at 1255, quoting Williams v. City of Dothan, Ala., 745 F.2d 1406,

1411 (11th Cir. 1984).  The burden is on plaintiffs to show facts
sufficient to overcome the jurisdictional bar of the Tax Injunction
Act.  Amos, 347 F.3d at 1256.

Florida does provide a "plain, speedy, and efficient remedy"
for tax challenges.  Osceola, 893 F.2d at 1233.  The parties
dispute, however, whether the court filing fees at issue are a
"tax" within the meaning of the Tax Injunction Act.  State law
determinations are considered, Zipperer v. City of Fort Myers, 41
F.3d 619, 622 (11th Cir. 1995), but federal law determines what
constitutes a tax under the Tax Injunction Act.  Tramel v.
Schrader, 505 F.2d 1310, 1314-16 (5th Cir. 1975)[10].

In Crist, supra, the Florida Supreme Court reversed the trial
court's finding that Fla. Stat. §§ 28.241(1)(a), 28.241(a)(2)(d),
28.241(2), 34.041(1)(b) and 28.2455, Florida Statutes (2009) are
unconstitutional and void.  The trial court had found that because
these statutes imposed a filing fee which is deposited to the
general revenue fund for unrelated government activities, the
Florida Legislature had imposed an unconstitutional tax which
denied access to the Courts in violation of the Florida
Constitution.  The Florida Supreme Court found that the statutes,
both on their face and as applied, were not an unconstitutional tax

---

[10]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.
1981) (en banc) the Eleventh Circuit adopted as binding precedent
all the decisions of the former Fifth Circuit handed down prior to
the close of business on September 30, 1981.

even though the funds were deposited in a general revenue fund because the Legislature appropriated more to support the administration of justice than the amount of civil fees deposited into the general revenue fund. Crist, 56 So. 2d at 749. Accordingly, the contested fee was not a "tax" under Florida law. The Court is not convinced the result is any different under Federal law.[11]

Further, the Court is not persuaded by plaintiffs' contention that the Defendants should be constrained to their position in McCollum v. United States Dept. of Health and Human Servs., 716 F.Supp. 1120 (N.D. Fla. 2010). The Attorney General did not argue the difference between a tax and a fee in McCollum for purposes of determining jurisdiction in Federal Court under the TIA.

Having found that the contested fee is not a "tax" pursuant to the TIA, the Court denies defendants' motion insofar as it seeks to dismiss the remainder of the Complaint for lack of jurisdiction under the TIA.

---

[11]The preeminent test for determining what constitutes a "tax" for purposes of the TIA under Federal law is a three factor test set forth in San Juan Cellular Tel. Co. v. Public Serv. Comm'n of Puerto Rico, 967 F.2d 683 (1st Cir. 1992) that considers: (1) the entity imposing the fee; (2) the parties who are being assessed the fee; and (3) whether the funds generated by the fee are expended for general public purposes or used for the regulation and benefit of the parties upon whom the assessment is imposed. The Eleventh Circuit has not determined the appropriate test for determining what constitutes a "tax" under the TIA.

**D.  Additional Jurisdictional Issues: Ripeness**

Defendants also contend that jurisdiction is lacking because plaintiffs' claims are not ripe for review.  Specifically, defendants contend that Florida law provides for an indigencey waiver of the filing fee.  Defendants contend that plaintiff's claims are not ripe until such time as they apply for, and are denied, an indigencey waiver.  Defendants further assert that if plaintiffs are granted an indigencey waiver, there will be no concrete injury or controversy that requires the court's intervention.

In response, plaintiffs assert that whether they are indigent is irrelevant because regardless of ability to pay, the contested statute is unconstitutional.  Further, plaintiffs contend that all persons who have been charged the filing fees at this time have "ripe claims."  (Doc. #23, pp. 14-15.)

The issue of ripeness raises basic questions of jurisdiction that cannot be waived and goes to the very heart of the "case or controversy" requirement of Article III of the U.S. Constitution. Florida Ass'n of Rehab Facilities, Inc. v. State of Fla. Dep't of Health and Rehabilitative Servs., 225 F.3d 1208, 1227 n. 14 (11th Cir. 2000.  "To determine whether a claim is ripe . . . we must examine whether there is sufficient injury to meet Article III's requirement of a case or controversy, and if so, whether the claim is sufficiently mature, and the issues sufficiently defined and

concrete to permit effective decision-making by the court." Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1315 (11th Cir. 2000)(internal quotations and citations omitted). See also Natl'l Adver. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005).

The Court finds that this case is ripe for adjudication and that the plaintiffs allege sufficient injury in the Complaint to satisfy the case or controversy requirement. Plaintiffs have clearly pled that they are defendants in various foreclosure proceedings throughout the State of Florida and are currently being assessed a filing fee pursuant to the challenged statute. (See Doc. #1, ¶¶22-24.) Further, the Complaint asserts that regardless of the ability to pay, plaintiffs' rights are violated under the statute. (Id. at ¶66 – "Similarly, defendants with the ability to pay will be unjustly compelled to pay the illegal filing fees in order to heard in court.") Accordingly, plaintiffs' Complaint clearly challenges the statute as to everyone and not just as it applies to individuals without the means to pay the required fee. Defendants have pointed to no case that holds that when the existence of a fee is challenged, plaintiffs must apply for an indigencey waiver before their claims are considered ripe. Plaintiffs have demonstrated a sufficient injury that is defined, concrete, and mature for purposes of Article III's case or controversy requirement. Therefore, defendants' motion to dismiss

is denied insofar as defendants' allege that plaintiffs' claims are not ripe for review.

## E.    Failure to State a Claim

Defendants also argue that assuming the Court has jurisdiction, the Complaint fails to state claims upon which relief may be granted.  Specifically, defendants assert that plaintiffs must specifically identify the compulsory counterclaims and cross claims they seek to assert.  Further, defendants contend that the Complaint itself demonstrates that plaintiffs have been able to bring their counterclaims.

None of the access to courts cases cited by defendants (Doc. #7, pp. 9-10) address the specific issues in this case.  Defendants have cited no case holding that plaintiffs must specifically identify the compulsory claims they would assert but for the filing fee statute.  Plaintiffs have set forth plausible claims for declaratory and injunctive relief, which is all that is required at this stage of the proceedings.  Accordingly, defendants motion is denied insofar as it seeks to dismiss the remainder of the claims for failure to state a claim pursuant to Rule 12(b)(6).

Defendants also contend that plaintiffs have failed to state a claim that the statute violates the Florida Constitution. Specifically, defendants contend that the filing fee statute withstands strict scrutiny under Florida law because it discourages frivolous litigation and funds the operation of the court, which

are compelling state interests.  Further, defendants argue that the
fee is narrowly tailored and does not impose a substantial burden
on court access because fees are subject to waiver under Florida
law.

The Court is satisfied that under the standard summarized
above  plaintiffs' have sufficiently set forth a plausible claim
that Fla. Stat. § 28.241(c) violates Article I, section 21, of the
Florida Constitution.  Defendant's factual assertions may or may
not be born out, but at this stage of the litigation the
allegations are sufficient to withstand a Rule 12(b)(6) motion to
dismiss.  Accordingly, defendants' motion to dismiss Count III of
the Complaint for failure to state a claim is denied.

**F.    Supplemental Jurisdiction**

Finally, defendants assert that the Court should decline to
exercise supplemental jurisdiction over the state claim because the
question of law presented is novel and complex.  Further,
defendants contend that supplemental jurisdiction should not be
exercised if the federal claims are dismissed.

Because the Court has not dismissed all of the Federal claims,
the Court declines to withhold supplemental jurisdiction pursuant
to 28 U.S.C. § 1367(3).  Additionally, the Court is not persuaded
that the issue at hand is such a novel or complex issue of State
law that it would be inappropriate to exercise jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendants' Motions to Dismiss (Docs. #7-9, 10,22) are **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The motions are **GRANTED** to the extent that all of plaintiffs' claims against the Florida Cabinet and the Florida Department of Revenue are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) The motions are **GRANTED** to the extent that the portion of Count I which seeks the creation of a separate account to facilitate any refund that may be ordered, and those portions of Counts II and III which seek an order requiring a refund of all fees paid pursuant to the statute, are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction as to the individual defendants in their official capacities.

(3) The motions are otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of November, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record